# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~~

**Abdul K. Hassan, Esq.**                                    Tel: 718-740-1000
Email: abdul@abdulhassan.com                          Fax: 718-740-2000
*Employment and Labor Lawyer*                    Web: www.abdulhassan.com

**March 5, 2026**

**Via ECF**

Hon. Katherine P. Failla, USDJ
United States District Court, SDNY                    **MEMO ENDORSED**
40 Foley Square, Room 2103
New York, NY 10007
Tel: 212-805-0290

<u>Re: Gonzalez v. Admiral Halsey, L.P.</u>
Case No.  24-CV-06606 (KPF)(BCM)
Motion for Settlement Approval

Dear Judge Failla:

My firm represents plaintiff Ramon Gonzalez ("Plaintiff") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action pursuant to the Second Circuit's decisions in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is a copy of the fully executed settlement agreement. Exhibit 2 is a copy of the retainer agreement between Plaintiff and his counsel – the basis for the 1/3 fee in this case. Exhibit 3 are copies of the cost receipts in this case.

The claims made by Plaintiff are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brings claims for unpaid overtime wages, wage deduction, under the FLSA and NYLL, as well as claims for violations of the wage notice and wage statement requirements of NYLL § 195(1) and NYLL § 195(3).

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information during the mediation conducted by a mediator from the Court's program and during the settlement

1

conference conducted by Magistrate-Judge Moses who recommended the eventual settlement number.

Assuming, for settlement purposes, that Defendant overcomes any contrary presumptions, and the weekly wages were intended to cover all hours worked, Plaintiff's effective hourly rate would be about $15.62/hr., and he would be owed about $7.81 per overtime hour – or $292/wk. Plaintiff was employed by Defendant from in or around 2017 to on or about August 23, 2024. The complaint in this action was filed on August 31, 2024. (See ECF No. 1).

We therefore have unpaid overtime wages of about $292/wk x 296wks = $86,432 under the NYLL six-year statute of limitations period – including about $28,032 under the FLSA's two-year period for non-willful violations. Defendant may also be able to avoid the imposition of liquidated damages if it proves a good-faith affirmative defense. Defendant also disputes the work hours alleged by Plaintiff and the parties were in dispute as to whether certain on-call hours constituted worktime and were compensable. In general Defendant denies Plaintiff's allegation that he is owed wages and maintain that Plaintiff was properly compensated for all hours worked. Given the risk for both sides, the parties agreed to settle as reflected in the settlement agreement.

The total settlement between Plaintiff and Defendant is $25,000. Under the settlement agreement, Plaintiff is due to receive $16,346 after costs ($480), and a 1/3 contingency fee ($8,173). (Ex. 1 ¶ 1). In addition, Plaintiff is due to receive a waiver of rent and other costs in connection with his use and occupancy of the apartment from the date of his termination to the date of surrendering of the apartment as set forth in the settlement agreement. (See Ex. 1 ¶ 3).

Under the settlement agreement, Plaintiff's counsel is due to receive reimbursement of $480 in filing ($405), and service ($75), fee, plus a 1/3 contingency fee of $8,173. (Ex. 1 ¶ 1).[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

holds that fees that a plaintiff owed his counsel is governed by the retainer agreement and not by statutory fee-shifting provisions). See i.e. *Caceres v. Brentwood Farmers Market, Inc. et al,* Case No. 20-cv-03476, ECF No. 15, (Judge Tomlinson - EDNY May 4, 2021)("A Court is bound to observe the provisions of a retainer agreement as well as a settlement agreement. A "'settlement agreement is a contract that is interpreted according to general principles of contract law.'" Fisher v. SD Protection Inc., 948 F. 3d 593, 605-06 (2d Cir. 2020)")

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Breshanaj v. Silverstone Property Group, LLC et al*, SDNY Case No. 22-CV-09293 (Judge Failla, October 5, 2023)(approving a 1/3 fee of about $15,549 under *Cheeks*); *Martinez v. Triumph Construction Corp. et al*, Case No. 21-CV-04137 (Judge Oetken, SDNY – September 19, 2022) (approving a 1/3 fee of about $16,486 under *Cheeks*); *Martinez Ferreira v. 425 Claremont Apartments Housing Development Fund Company, Inc. et al,* Case No. 22-CV-00841 (Judge Oetken, SDNY – September 16, 2022) (approving a 1/3 fee of about $16,438 under *Cheeks*); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and a jury can award Plaintiff less than he is receiving here or nothing. Second, there appears to be a desire by all parties to resolve the case early and avoid the tremendous financial and non-financial costs/harms of litigation. Third, the settlement was the product of arms' length negotiations where the parties were represented by experienced attorneys in the area of wage and hour litigation, and which was vigorously litigated by counsel on behalf of their respective clients. Finally, the eventual settlement number was recommended by Magistrate-Judge Moses after conducting a settlement conference with the parties.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

I thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

_/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

cc:    **Defense Counsel via ECF**

3

The Court has reviewed the settlement documents for fairness in accordance with the FLSA and Second Circuit law, see, e.g., *Cheeks* v. *Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable.  It should be noted, however, that the Court is not in this endorsement opining specifically on the reasonableness of the rates charged by the attorneys and paralegals representing Plaintiff[s].

Accordingly, the settlement is approved, and the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

Dated:     March 6, 2026          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE